D. M. Cochrane & another *vs.* Benjamin T. Reed & others.

The officers of a manufacturing corporation who have neglected to file the certificates required by Gen. Sts. c. 60, § 24, are not liable in an action at law for the debts of the corporation contracted during the continuance of such neglect; but the remedy against them is by a suit in equity.

Chapman, J. This action is brought against the defendants as officers of a manufacturing corporation, to recover the price of a bill of merchandise sold and delivered by the plaintiffs to the corporation, on the ground that they neglected to make and file the certificates required by Gen. Sts. c. 60, § 24. This section is as follows: " Companies subsequently (meaning subsequently to June 29th 1857) established snall make, publish and deposit all the certificates and returns required of corporations oiganized under chapter sixty-one in the manner and under similar liabilities to those tuerein specified." Chapter 61 specifies in §§ 8, 9 and 10 the certificates required; and § 11 specifies

the liabilities incurred by neglecting to make, publish and deposit those certificates, namely, the officers " shall be ̦ointly and severally liable for all debts of the corporation contracted during the continuance of such violation, refusal or neglect" of duty.

This chapter provides no specific form of remedy against such officers, but *c.* 68, § 17, provides that when they or any of them are liable for any of the debts of the corporation, or for their acts or omissions respecting its business, the party entitled may, instead of any remedy otherwise provided, maintain a suit in equity. This, then, is a remedy which the statutes have obviously provided for the plaintiff, in a case like the present.

But the plaintiff contends that he is entitled to maintain the present action under *c.* 60, § 31. It is true that the terms of that section are broad. It provides that " when any of the officers of the company are liable by the provisions of this chapter to pay the debts of the company, or any part thereof, any person to whom they are so liable may have an action of tort against any one or more of said officers." There are liabilities to which this section applies, and for which it seems to be the only remedy, so that it may be valid without applying it to a case like the present. If it were held to apply to the present case, then the defendants would be held to a liability dissimilar to those which exist under *c.* 61, and this would be a liability not contemplated in § 24.

There is an obvious reason for giving this restricted construction to §§ 24 and 31. Section 31 is a mere reënactment of Rev. Sts. *c.* 38, § 29, and the operation of that section was found to be so inequitable that the court compelled creditors to resort to a bill in equity to enforce their claims against officers under the statute. *Merchants' Bank* v. *Stevenson,* 10 Gray, 232. *Kinsley* v. *Rice,* Ib. 325. It was probably retained in the Gen. Sts. by inadvertence, and by *St.* 1862, *c.* 218, § 10, it is repealed.

As the point is before us, and has been argued, it is proper to say that, although the defendants' charter by its terms creates the corporation " with all the powers and privileges, and subject to all the duties, restrictions and liabilities set forth in the thirty eighth and forty-fourth chapters of the Revised Statutes," yet it

must be construed as referring to those chapters with the modifications of them waich existed at the time of granting the defendants' charter.   The *St.* of 1857, *c.* 276, then existed, and the defendants were bound to comply with its provisions.   This is but a reasonable construction of the words of reference.

*Exceptions overruled.*

*C. B. Goodrich & E. Avery,* for the plaintiffs, cited, besides the statutes, *Newcomb* v. *Reed,* 12 Allen, 362 ; *Peele* v. *Phillips,* 8 Allen, 86 ; *Merchants' Bank* v. *Stevenson,* 5 Allen, 398 ; *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 4 Allen, 239 , *Denny* v. *Richardson,* 4 Gray, 274 ; *Knowlton* v. *Ackley,* 8 Cush. 97.

*E. Merwin,* for the defendants.